## 26765. DeLOACH v. THE STATE.

DECIDED APRIL 12, 1938.

*W. A. Dampier,* for plaintiff in error.

*Stanley A. Reese, solicitor,* contra.

GUERRY, J. The defendant was charged with cheating and swindling in that he did, by wilfully representing that ·certain hogs had been inoculated and were immune from cholera and that said hogs were sound and healthy, sell such hogs to the prosecutor and that they immediately developed cholera and died; that such representations were false, were known to the defendant to be false, were made and intended to deceive and did deceive, and resulted in loss and damage to the prosecutor. The evidence for the

State shows that the defendant, who lived in another county, came to the prosecutor with a truck load of hogs, and after telling the prosecutor that the hogs had been inoculated for cholera and were all right, sold them to him. "He didn't say how long before he brought them to me that they had been inoculated. He assured me they were sound hogs, that was how he induced me to buy them." In a day or two after the prosecutor purchased the hogs they developed cholera, and communicated it also to some of the hogs he already had on hand. The defendant sold other hogs that he had on his truck to different parties and each lot developed cholera. A witness testified: "I could not tell by examining them whether they had been inoculated or not. I don't think it leaves a scar. . . If hogs have been inoculated they won't take cholera, if it is a good serum and if they are properly inoculated." A veterinarian testified that he saw the hogs on defendant's truck and he strongly suspected they had cholera.

The gist of the offense with which defendant is charged is (a) the making of a false statement, to wit, that the hogs had been inoculated against cholera, and (b) knowledge that such statement was false and was made with intent to deceive and did deceive, and resulted in loss and damage to the prosecutor. Complaint is made that the court failed to charge the jury on circumstantial evidence. The only evidence that the statement made by the defendant was false, was that the hogs immediately thereafter developed cholera and that a properly inoculated hog will not develop cholera. The proved fact as to the making of the statement and the development of cholera by the hogs was not the ultimate fact necessary to show guilt, that being, that the hogs had not been inoculated. The one may be inferred from the other, but is not direct evidence of the other. The other essential, that defendant knew the statement was false, was also dependent on the inference that might be drawn from the facts proved. Where a defendant is charged with larceny and the evidence for the State shows only the recent possession of stolen goods, the ultimate fact, that defendant was the thief, is an inference drawn from such proved fact, and while it may be sufficient to support a verdict of guilty, it is necessary that the jury be charged on the law of circumstantial evidence, even without a request therefor, where there is no other evidence which directly points to his guilt. In the present

case there is evidence from which an inference may be drawn that the defendant's statement was false, that he knew it was false, and that it was intended by him to deceive; however, there is no direct evidence that it was false, and the jury should have been instructed as to the weight and sufficiency of the evidence necessary in such cases. For this reason we think the court erred in overruling the motion for new trial.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*