28935. DeLOACH *v.* THE STATE.

DECIDED MAY 6, 1941.

*W. A. Dampier*, for plaintiff in error.

*Stanley A. Reese, solicitor,* contra.

BROYLES, C. J.  E. C. DeLoach was charged with cheating and defrauding A. L. Lock, in that he represented to Lock that twelve hogs "had been innoculated and were at the time immune from what is known as hog cholera, and that said hogs were sound and healthy, which representations made at the time were knowingly false and made by the said DeLoach for the purpose of deceiving . . A. L. Lock, and did deceive and mislead him;" that Lock, relying on said representations, purchased the hogs and paid De-Loach $62; that the hogs at the time of their purchase were infected with hog cholera; and that all died within a few days thereafter.  On the trial all of the charges in the accusation were *amply* sustained by the evidence, except the charge that the representations "were knowingly false and made by the said DeLoach for the purpose of deceiving A. L. Lock."  As to that charge, the evidence, while only circumstantial, authorized the jury to find, to the exclusion of every other reasonable hypothesis, that the representations made by the accused to Lock were knowingly false and were made for the purpose of deceiving Lock and did deceive and mislead him. In *DeLoach* v. *State, 57 Ga. App.* 799 (196 S. E. 924), it appears that the same defendant was convicted of a similar offense.  The record in that case shows that the alleged offense was committed on the same day and in the same county that the alleged offense in this case was committed, the only difference being that in the former case the defendant sold six hogs to M. R. Scarborough.  In both cases the evidence as to whether the accused had knowingly made false representations about the health of the hogs for the purpose of deceiving the buyer was wholly circumstantial.  This court in the former case reversed the judgment on the sole ground that the court erred in failing to give in charge the law of circumstantial evidence.  In the opinion the court held:  "There is evidence from which an inference may be drawn that the defendant's statement was false, that he knew it was false, and that it was intended by him to deceive."  In the instant case the court properly instructed the jury on the law of circumstantial evidence; and the holding just cited from the opinion of this court in the former case is applicable to this case, the evidence as to whether the representations were false and were knowingly made for the purpose of de-

ceiving the buyer of the hogs being substantially the same in both cases. See *DeLoach* v. *State,* 64 *Ga. App.* 285 (13 S. E. 2d, 44), where the case reported in 57 *Ga. App.* 799 (196 S. E. 924), was again before this court, and where the evidence was substantially the same as that in 57 *Ga. App.* 799, and we held that the defendant's conviction was authorized by the evidence.

In our opinion the evidence in the instant case authorized the verdict, and none of the grounds of the motion shows cause for a new trial.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*